PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2007 Chevrolet Tahoe struck a low hanging branch on WV Route 49 just outside Williamson, Mingo County. WV Route 49 is a public road maintained by Respondent. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 9:25 a.m. on May 12,2010. County Route 49 is a two-lane paved road with one lane of traffic in each direction, a center yellow line, white edge lines, and a speed limit of 45 miles per hour. At the time of the incident, Claimant Terrence Winford Hope III, was driving to work with a passenger in his vehicle. Claimant stated that he drives this road every day. Claimant testified that just prior to the incident a large work truck approached him from the opposite direction crowding the center line. Mr. Hope stated that he maneuvered his vehicle slightly to the right, but remained on the paved surface, to avoid the oncoming truck when suddenly what he believed to be a branch hanging from a tree on the cliff bordering the road, struck his vehicle. Claimant did not notice the tree limb before he struck it. He did not return to inspect it, and, therefore, he could not testify as to whether it was hanging down, loose, or dead.
As a result of this incident, Claimant’s passenger side window was shattered and Claimant presented an estimate for repairs in the amount of $339.39. Claimant’s insurance declaration sheet indicates that his collision deductible is $1000.00.
It is the Claimant’s position that Respondent knew or should have known about tree limb overhanging WV Route 49 which created a hazardous condition to the traveling public and that Respondent was negligent in failing to properly maintain WV Route 49 prior to the incident.
The position of the Respondent is that it did not have actual or constructive notice of a tree limb posing a risk to the traveling public on WV Route 49 at the time of the incident. lohn Marcum, Crew Supervisor for Respondent in Mingo County, testified that he is familiar with WV Route 49 and the particular location of Claimant’s incident. Mr. Marcum testified that, to his knowledge, Respondent had not received any complaints about low-hanging tree limbs on this particular roadway prior to the incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986). With regard to tree claims this Court has held that if a tree is dead and poses an apparent risk, then the Respondent may be held liable. However, when an apparently healthy tree causes property damage, the Court has held that there is insufficient evidence of negligence upon which to justify an award. Wiles v. Div. of Highways, 22 Ct. Cl. 170 (1999); Gerritsen v. Dep’t of Highways, 16 Ct. Cl. 85 (1986).
In the instant case, the Court is of the opinion that Respondent did not have notice that a tree limb posed an apparent rick to the traveling public on WV Route 49. Furthermore, the evidence adduced at the hearing established that the Claimant was not entirely sure what struck and damaged his vehicle. The Court will not speculate as to the nature of the object that Claimant’s vehicle struck, or as to the health or risk posed, if, in fact, it was a tree limb.
In view of the foregoing, the Court is of the opinion to and does deny this *237 claim.
Claim disallowed.